

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-2004

# USA v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Taylor" (2004). *2004 Decisions.* Paper 847.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/847

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3993

———

UNITED STATES OF AMERICA

v.

MARCUS TAYLOR
a/k/a MARCUS CHESTER TAYLOR

Marcus Taylor,
         Appellant

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Dist. Court. No. 03-cr-00025)
District Judge: Hon. Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed April 9, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

      Because we write only for the parties who are familiar with the facts, the

procedural history and the contentions presented, we will not recite them except as necessary to the discussion. This appeal requires us to decide whether a judgment of conviction offered on a guilty plea should be reversed because the district court did not explicitly inform Appellant Marcus Taylor in *ipsissimis verbis* of his right to plead not guilty during the plea colloquy, as set forth in Rule 11(c) of the Federal Rules of Criminal Procedure, although it fully informed him of his right to a jury trial.

Taylor's counsel on appeal is the same assistant public defender who was present at the guilty plea colloquy. She did not raise any objections during the colloquy, did not call attention of the omission to the sentencing judge and made no timely post trial motion to raise the question.

Taylor acknowledges that, because no objection was made in the district court, we review for "plain error" only. See United States v. Knobloch, 131 F.3d 366, 370 (3d Cir. 1997). We act to correct such errors only when they implicate "substantial rights" and "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." Id., quoting Johnson v. United States, 520 U.S. 461, 467 (1997). "The burden is on the defendant to show that the error in fact prejudiced him . . . ." Knobloch, 131 F.3d at 370. We are satisfied that there was no plain error.

We have stated that Rule 11 "'is not to be read as requiring a litany or other ritual' and 'should not be given crabbed interpretation that ceremony [is] exalted over substance.'" United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000) (citing Rule 11,

Federal Rules of Criminal Procedure, advisory committee note (1983) (Rule 11 (h))).

The court notified the Appellant during the plea colloquy: "Mr. Taylor, you're also entitled to a jury trial in these matters in which you, through counsel would select a jury consisting of twelve persons. . . . Any finding of guilt by the jury would have to be unanimous, that is all twelve jurors would have to agree. . . .Do you understand your right to a jury trial?" Taylor replied, "Yes." The court then inquired: "And it is your desire to give up your right to a jury trial and to enter a plea of guilty to the information?" Taylor again replied in the affirmative.

In facing a similar challenge in <u>United States v. Saft</u>, the judge asked the defendant if he understood "that if you did not plead guilty to these charges you would have the right to a public and speedy trial by a jury of twelve people," at which he could enjoy the presumption of innocence and could be found guilty only by a unanimous verdict. 558 F.2d 1073, 1080 (2d Cir. 1977). Under these circumstances, there was no error in the court's failure to chant the magic words: "You have the right to plead not guilty."

We feel that the foregoing is sufficient. We note, however, other circumstances. First, we are satisfied that the Appellant did not suffer any prejudice. This is clear by the failure to contend otherwise in the brief.

Second, Appellant knew of his right to plead not guilty for the precise offense for which he entered the plea agreement. The Harrisburg City Police arrested him on July 10, 2002, and charged him in the Dauphin County Court of the specific offense for which he

3

entered the federal plea, "felon in possession of a firearm." On October 10, 2002, Appellant pled not guilty in the state court. He cannot possibly show lack of knowledge of the right to plead not guilty, because that is precisely what he did in the state court on the identical offense for which he was later charged in federal court.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.