

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2004

# USA v. Spinner

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4537

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Spinner" (2004). *2004 Decisions.* Paper 593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/593

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4537
_____

UNITED STATES OF AMERICA

v.

WILLIAM SPINNER,

                                                    Appellant.


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 03-CR-00094-1)
District Judge: Sylvia H. Rambo
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2004

BEFORE:  RENDELL and COWEN, Circuit Judges, and
SCHWARZER,* District Judge

(Opinion Filed: June 16, 2004)


_____

OPINION OF THE COURT
_____

_____

*The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

SCHWARZER, <u>Senior District Judge</u>:

William Spinner appeals his judgment of conviction for violation of 18 U.S.C. §1001. Spinner contends that his guilty plea was defective because the District Court did not inform him of his right to plead not guilty. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Finding no plain error, we will affirm.

## DISCUSSION

During the plea colloquy, the court advised Spinner:

You are . . . entitled to a jury trial in this matter . . . .

At a trial, the government would have the responsibility of proving each and every element of the crime charged against you beyond a reasonable doubt. You are presumed innocent until that burden is met . . . .

Any finding of guilt by a jury would have to be unanimous . . . .

If you give up your right to a jury trial, you give up your right to present any defenses that you may have or the right to appeal any pretrial motions.

The court then asked him, "Is it your desire to give up your right to a jury trial and enter a plea of guilty to the information?" Spinner responded in the affirmative. The court did not advise Spinner that he had a right to plead not guilty.

Federal Rule of Criminal Procedure 11(b)(1)(B) instructs District Courts conducting a plea colloquy to "inform the defendant of, and determine that the defendant understands . . . the right to plead not guilty." Spinner contends that the District Court's

-2-

plea colloquy was defective because the court failed to explicitly advise him that he had a right to plead not guilty.

Because Spinner did not preserve an objection in the trial court, our review is for plain error. "A defendant who fails to object to a Rule 11 error before the District Court, as [Spinner] failed to do, must satisfy the plain error standard of review on appeal." *United States v. Dixon*, 308 F.3d 229, 233 (3d Cir. 2002) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). "The burden is upon the defendant to satisfy a four-part test in order to obtain plain error reversal of a criminal conviction. The defendant must show that: (1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected the defendant's substantial rights." *Id*. at 234 (internal quotation marks omitted). "In cases where the first three elements are satisfied, an appellate court may exercise its discretion to order such a correction only if the error[] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

We find no plain error here. The foregoing colloquy sufficiently informed Spinner of his right to plead not guilty. A panel of this court recently reached the same conclusion on substantially similar facts in *United States v. Taylor*, No. 03-3993, 2004 U.S. App. LEXIS 6933 (3d Cir. April 9, 2004) (unpublished).[2] In *Taylor* the court

_____

[2]Although *Taylor*, as an unpublished opinion, is not binding authority, we may look to it as "a paradigm of the legal analysis we should here follow." *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 n.12 (3d Cir. 1996).

rejected on plain error review Taylor's contention that his "guilty plea should be reversed because the district court did not explicitly inform [him] in *ipsissimis verbis* of his right to plead not guilty during the plea colloquy . . . , although it fully informed him of his right to a jury trial." *Id.* at *1-2; *see also United States v. Saft*, 558 F.2d 1073, 1080 (2d Cir. 1977) (finding no error where the trial court did not explicitly inform the defendant of his right to plead not guilty, but informed him that if he did plead not guilty he would have a right to a public jury trial).

We agree with the *Taylor* court's reasoning. While the District Court did not utter the magic words "You have the right to plead not guilty," it did inform Spinner of his right to a jury trial where the government would be forced to prove his guilt. This information was sufficient to inform Spinner of his right to plead not guilty and go to trial, particularly in the circumstances of this case, where the record indicates that Spinner was well aware of his rights, having pled guilty before the same district judge on two prior occasions and having challenged both pleas in this Court. We are satisfied that the alleged error did not "materially hamper[] [Spinner's] ability to assess the risks and benefits of pleading guilty." *Dixon*, 308 F.3d at 235 (quoting *United States v. Powell*, 269 F.3d 175, 185 (3d Cir. 2001)).

Moreover, there was no plain error because Spinner suffered no prejudice. In deciding whether error in a plea colloquy constitutes plain error, we have "interpreted the . . . requisite showing of impact upon substantial rights to require a demonstration of

prejudice by the defendant." *Dixon*, 308 F.3d at 234. "In other words, [Spinner] must show that he would have pled not guilty if he was correctly [informed of his right to do so], and not merely that there may or may not have been a prejudicial impact and that he might have not pled guilty." *Id*.; *see also United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997) (finding no prejudice where the District Court erred in describing the elements of the charged crime at the plea colloquy because there was no "claim by Knobloch that he would have entered a different plea had the district court correctly described the necessary elements of the offense"). Spinner does not assert that he would have pled differently had he been informed of his right to do so in explicit language.

## CONCLUSION

For the reasons stated above, we will **AFFIRM** the judgment of the District Court.